1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON G.,

                 Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

                 Defendant.

CASE NO. 2:19-CV-2058-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

        After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly considered medical opinions from Dr. Michael Williams, ARNP Kate Kennedy, and PA-C Dianne MacFarlane. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

1

<u>FACTUAL AND PROCEDURAL HISTORY</u>

2       On August 11, 2015, Plaintiff filed an application for DIB, alleging disability as of October

3 26, 2012. *See* Dkt. 9, Administrative Record ("AR") 18. The application was denied upon initial

4 administrative review and on reconsideration. *See* AR 18. Two hearings were held before ALJ

5 Laura Valente on August 3, 2017, and July 31, 2018. *See* AR 38-107. In a decision dated

6 September 19, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 31. Plaintiff's request

7 for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision

8 the final decision of the Commissioner. *See* 20 C.F.R. § 404.981, § 416.1481.

9       In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly discounting the

10 medical opinion evidence; and (2) improperly discounting Plaintiff's testimony and the lay witness

11 testimony. Dkt. 13. Plaintiff argues this matter should be remanded with a direction to award

12 benefits. *See* Dkt. 13, pp. 23-24.

13

<u>STANDARD OF REVIEW</u>

14       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

15 social security benefits if the ALJ's findings are based on legal error or not supported by

16 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

17 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

18

<u>DISCUSSION</u>

19 **I.    Whether the ALJ properly considered the medical opinion evidence.**

20       Plaintiff asserts the ALJ improperly considered the opinions of Dr. Williams, Ms.

21 Kennedy, and Ms. McFarlane. Dkt. 13, pp. 16-22.

22

23

24

A.  Dr. Williams

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Williams completed diabetes questionnaires in December 2015 and May 2017 and wrote a letter outlining Plaintiff's diagnoses and limitations in June 2017. AR 943-946, 1265-1268, 1271. Dr. Williams indicated Plaintiff's diagnoses were diabetes, hypertension, and gastroparesis. AR 943. He opined Plaintiff's pain or other symptoms are severe enough to frequently interfere with attention and concentration needed to perform even simple work tasks. AR 944. Dr. Williams noted Plaintiff would need to take unscheduled breaks during an 8-hour workday and found Plaintiff can sit and stand/walk for less than 2 hours in an 8-hour workday. AR 944. He opined Plaintiff would be absent for at least 3 days per month. AR 1271. In his June 2017 letter, Dr. Williams stated that he has treated Plaintiff since 2011 and during the course of treatment he "observed a tendency for very erratic blood glucose control despite [Plaintiff's] valiant efforts and

strict adherence to our agreed treatment plans … It is naturally difficult for her to function both at home and in a professional environment while experiencing these symptoms." AR 1271.

The ALJ discussed Dr. Williams' opinions and gave them little weight for four reasons: (1) Dr. Williams did not provide support or explanations for his opinions; (2) Plaintiff's diabetes and gastroparesis improved with treatment; (3) his assessment was inconsistent with his own treatment notes; and (4) Plaintiff was able to complete her medical certification despite her impairments. AR 28.

The ALJ first discounted Dr. Williams' opinions because Dr. Williams did not provide support or explain how he arrived at the limitations he assessed. AR 28. Dr. Williams indicated Plaintiff's diagnoses were diabetes, hypertension, and gastroparesis, which causes Plaintiff "[f]requent nausea and vomiting[.]" AR 943. Dr. Williams identified several symptoms as a result of these diagnoses, including fatigue, sensitivity to light, heat or cold, general malaise, muscle weakness, retinopathy, abdominal pain, difficulty thinking/concentrating, dizziness/loss of balance, and hyper/hypoglycemic attacks. AR 943, 1265. He also indicated Plaintiff's blood glucose is "very erratic … despite [Plaintiff's] valiant efforts and strict adherence to our agreed treatment plans." AR 1271. The record also contains extensive notes from Dr. Williams' treatment of Plaintiff. *See* AR 733-942. Thus, the ALJ's assertion that Dr. Williams did not provide support or explain how he arrived at the limitations he assessed is inaccurate. Accordingly, the ALJ's first reason for discounting Dr. Williams' opinions is not specific and legitimate and supported by substantial evidence.[1]

---

[1] Plaintiff argues the "clear and convincing" standard should apply to Dr. Williams' opinions. Dkt. 13, p. 19. Regardless of whether this standard applies, the Court finds the ALJ's first reason does not meet the lower "specific and legitimate" standard, and therefore would also fail to meet the higher standard.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

1    Second, the ALJ discounted Dr. Williams' opinions because Plaintiff's diabetes and

2  gastroparesis showed improvement with treatment. AR 28. A finding that a claimant's condition

3  has improved with treatment can serve as a specific and legitimate reason for discounting a

4  medical opinion. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (the effectiveness of

5  medication and treatment are relevant to the evaluation of a claimant's alleged symptoms);

6  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment

7  successfully relieving symptoms can undermine a claim of disability). But an ALJ may not single

8  out a few periods of temporary well-being from a sustained period of impairment and rely on those

9  instances to discredit a claimant. *Garrison v. Colvin*, 759 F.3d 995, 1017-1018 (9th Cir. 2014).

10    Here, the ALJ points to instances in the record which indicate Plaintiff's diabetes and

11  gastroparesis improve with treatment and medication. *See* AR 24-25 citing AR 382, 814, 822, 839,

12  952, 1613. But the ALJ overlooked several instances in the record indicating Plaintiff still

13  experienced problems with her diabetes and gastroparesis despite receiving treatment. For

14  example, Plaintiff's gastroparesis improved after she had a gastric stimulator placed but still felt

15  nauseous two days a week and experienced pain with every meal. AR 1613. Although Plaintiff

16  experienced some improvement after her pyloric balloon dilation procedure, "she is still limited in

17  her diet" and "is nauseated a lot of the time." AR 382. Despite continued treatment, the record

18  indicates Plaintiff experiences glucose variability and consequently hypoglycemia or

19  hyperglycemia. *See*, *e.g.* AR 866, 1271. Thus, the ALJ has inappropriately and selectively focused

20  on evidence that tends to suggest Plaintiff is not disabled. *See Gallant v. Heckler*, 753 F.2d 1450,

21  1456 (9th Cir. 1984). Accordingly, the ALJ's second reason for discounting Dr. Williams'

22  opinions is not specific and legitimate and supported by substantial evidence.

23

24

1    Third, the ALJ discounted Dr. Williams' opinions because they are inconsistent with his

2  own treatment notes. AR 28. An ALJ may give less weight to a physician's opinion if the

3  physician's clinical notes and recorded observations contradict the physician's opinion. *Bayliss*,

4  427 F.3d at 1216; *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding the

5  ALJ's rejection of a treating doctor's opinion because it was internally inconsistent); *Melton v.*

6  *Commissioner of Social Sec. Admin.*, 442 Fed.Appx. 339, 341 (9th Cir. 2011) (finding the ALJ

7  reasonably relied on an internal inconsistency when discrediting a doctor's opinion). But a

8  conclusory reason does "not achieve the level of specificity" required to justify an ALJ's rejection

9  of an opinion. *Embrey*, 849 F.2d at 421-422. Instead, the ALJ must "build an accurate and logical

10  bridge from the evidence to her conclusions" so that the court "may afford the claimant meaningful

11  review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).

12    Here, the ALJ failed to note any specific inconsistencies within Dr. Williams' opinions or

13  cite to the record in support. Without an adequate explanation to support the alleged inconsistency,

14  the Court cannot determine if the alleged inconsistency is a valid reason to discredit Dr. Williams'

15  opinions. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)

16  (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully

17  determine whether the ALJ's conclusions were supported by substantial evidence"). Accordingly,

18  the ALJ's third reason for discounting Dr. Williams' opinions is not specific and legitimate and

19  supported by substantial evidence.

20    Fourth, the ALJ discounted Dr. Williams' opinions because Plaintiff was able to complete

21  her medical certification despite her impairments. AR 28. Courts have repeatedly stated that "a

22  person's ability to engage in personal activities … does not constitute substantial evidence that he

23  or she has the functional capacity to engage in substantial gainful activity." *Kelley v. Callahan*, 133

24

F.3d 583, 589 (8th Cir. 1998); *see also O'Connor v. Sullivan*, 938 F.2d 70, 73 (7th Cir. 1991) ("The conditions of work are not identical to those of home life"). Plaintiff's ability to attend school and complete her medical certification does not necessarily show she could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how Plaintiff's ability to do attend school and complete her medical certification shows she could sustain a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522-523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week"). In addition, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Finally, the Court notes Plaintiff testified she was only able to complete her medical certification because "class was so lenient with hours and when we could attend, I was able to attend on days when I felt good. There were some days when I had to stay [home]." AR 88. Thus, the ALJ's fourth reason for discounting Dr. Williams' opinions is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Williams' opinions. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application

1   of judgment" by the reviewing court, based on an examination of the record made "'without regard

2   to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119

3   (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

4          Had the ALJ given great weight to Dr. Williams' opinions, the ALJ may have included

5   additional limitations in the residual functional capacity ("RFC"). For example, Dr. Williams

6   opined Plaintiff would miss at least three days of work a month due to her impairments. AR 1271.

7   In contrast, in the RFC, the ALJ did not include any limitations regarding absenteeism. *See* AR 22-

8   23. Therefore, if Dr. Williams' opinions were given great weight and additional limitations were

9   included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate

10  disability determination may have changed. Accordingly, the ALJ's errors are not harmless and

11  require reversal. The ALJ is directed to reassess Dr. Williams' opinions on remand.

12         B.   Ms. Kennedy

13         "Other medical source" testimony "is competent evidence that an ALJ must take into

14  account," unless the ALJ "expressly determines to disregard such testimony and gives reasons

15  germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v.*

16  *Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). "Further, the reasons 'germane to each

17  witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

18         Ms. Kennedy, ARNP, wrote a letter in June 2017 indicating Plaintiff "has several

19  migraines a month that are intractable and associated with cognitive impairment, severe pain,

20  nausea, vomiting, severe light sensitivity and noise sensitivity." AR 1270. Ms. Kennedy opined

21  that even with treatment, Plaintiff's migraines "cause significant disability" and that "she would be

22  unable to work" while having a migraine. AR 1270. Ms. Kennedy opined that if Plaintiff were

23  employed, her migraines would cause her to miss work "at least 3-5 days a month[.]" AR 1270.

24

1  The ALJ discounted Ms. Kennedy's opinion for three reasons:

2  (1) While Ms. Kennedy opines that the claimant cannot work due to her migraines
   that would cause several absences a month, this is inconsistent with the claimant's
3  own testimony. The claimant herself has endorsed migraines for 20 years and was
   able to work with them in the pas [sic] with no indication that she left any job due to
4  this issue. (2) The claimant was also able to successfully complete her medical
   certification despite this issue. (3) Additionally, Ms. Kennedy's own treatment notes
5  do not reflect the frequency and severity of migraines that the claimant endorsed at
   the hearing, and generally indicate improvement with Botox and medication.

6  AR 28 (numbering added).

7      The ALJ first discounted Ms. Kennedy's opinion because it is inconsistent with Plaintiff's

8  testimony that although she "endorsed migraines for 20 years" she was able to "work with them in

9  the [past] with no indication that she left any job due to this issue." AR 28. At the August 2017

10 hearing, Plaintiff testified she was terminated from two jobs because she exhausted her Family

11 Medical Leave of Absence due to her migraines and was having health problems. AR 77-79. Thus,

12 the ALJ's analysis is inaccurate. Accordingly, the ALJ's first reason for discounting Ms.

13 Kennedy's opinion is not germane.

14     Second, the ALJ discounted Ms. Kennedy's opinion because she was able to complete her

15 medical certification despite her migraines. AR 28. "[A] person's ability to engage in personal

16 activities … does not constitute substantial evidence that he or she has the functional capacity to

17 engage in substantial gainful activity." *Kelley*, 133 F.3d 589; *O'Connor*, 938 F.2d 73. Plaintiff's

18 ability to attend school and complete her medical certification does not necessarily show she could

19 "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* SSR

20 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how Plaintiff's ability to do

21 attend school and complete her medical certification shows she could sustain a full-time work

22 schedule. *See Mulanax*, 293 Fed. Appx. 522-523 (9th Cir. 2008). In addition, disability claimants

23 "should not be penalized for attempting to lead normal lives in the face of their limitations."

24

1  *Reddick*, 157 F.3d at 722. Further, the Court notes Plaintiff testified she was only able to complete

2  her medical certification because "class was so lenient with hours and when we could attend, I was

3  able to attend on days when I felt good. There were some days when I had to stay [home]." AR 88.

4  Thus, the fact that Plaintiff attended school and complete her medical certification is not a germane

5  reason to discount Ms. Kennedy's opinion.

6       Third, the ALJ discounted Ms. Kennedy's opinion because her own treatment notes

7  indicate improvement with medication and treatment. AR 28. The evidence cited by the ALJ in

8  support of this conclusion consists of notes in which Plaintiff reported improvement with Botox

9  injections and other medications. *See* AR 25, citing AR 754, 1112, 1621, 1628, 1641, 1650-1651,

10  1667, 1683.

11       The ALJ has not accurately characterized the record concerning the effectiveness of

12  Plaintiff's migraine treatment regimen. *See Garrison*, 759 F.3d 1017-1018; *see also Lingenfelter v.*

13  *Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The Court must consider the entire record as a whole,

14  weighing both the evidence that supports and detracts from the Commissioner's finding, and may

15  not affirm simply by isolating a specific quantum of supporting evidence"). Here, while Plaintiff

16  often reported that Botox injections and other medications helped with her migraines, the record

17  indicates Plaintiff continued to have migraines despite receiving treatment. *See generally* AR 1621,

18  1635, 1642, 1658, 1667, 1683. For example, in one instance, Plaintiff reported having migraines

19  only 1-2 times a month. AR 1628. Later, Plaintiff reported her migraines had increased in the past

20  weeks and she had a migraine every day. AR 1658. At another appointment, Ms. Kennedy noted

21  Plaintiff was having more migraines and that "Botox was working really well for migraine

22  prevention until later in June when [Plaintiff's] left shoulder has become very painful…" AR 1667.

23  Thus, the record indicates that the frequency of Plaintiff's migraines fluctuates, even with

24

1  treatment. Even if Plaintiff's treatments were 100% effective in treating her migraines, Plaintiff

2  still has a "worsening of migraines" in between treatment sessions. AR 1683. Accordingly, the

3  ALJ's third reason for discounting Ms. Kennedy's opinion is not germane. *See Hutchinson v.*

4  *Colvin*, 2016 WL 6871887, *4 (W.D. Wash., Nov. 22, 2016) (noting the ALJ's treatment of the

5  evidence suggested improper "cherry-picking" to support the ALJ's decision "while failing to

6  address aspects of the record supporting a finding of severe limitations").

7        For the above stated reasons, the Court finds the ALJ failed to provide germane reasons for

8  discounting Ms. Kennedy's opinion. Accordingly, the ALJ erred and is directed to reassess Ms.

9  Kennedy's opinion on remand.

10        C.  Ms. McFarlane

11        Ms. McFarlane wrote a letter in June 2017 indicating Plaintiff had several medical issues as

12  a result of her gastroparesis, pancreatitis, pancreatic exocrine insufficiency, and chronic

13  constipation. AR 1587. Ms. McFarlane opined that "[Plaintiff] is probably doing the best she will

14  ever do, but she is not well enough to work." AR 1587. Ms. McFarlane noted Plaintiff "often

15  requires bedrest daily." AR 1587. After opining Plaintiff cannot participate at a job on a daily

16  basis, Ms. McFarlane said that "[i]f [Plaintiff] is able to be up for 4 hours she is often bedridden for

17  the rest of the day and the next two days." AR 1587.

18        The ALJ discounted Ms. MacFarlane's opinion for two reasons:

19        While Ms. MacFarlane opines that the claimant is not able to work full-time, (1) her
20        letter is largely a recitation of the claimant's subjective complaints which, as
          discussed above, are not consistent with the treatment notes showing that her
21        impairments are fairly well controlled with treatment. (2) Furthermore, Ms.
          MacFarlane points out that many of the claimant's impairments are longstanding in
22        nature, but fails to note that she was able to work in the past and obtain her medical
          certification despite these issues.

23  AR 28 (numbering added).

24

First, the ALJ discounted Ms. MacFarlane's opinion because it is "largely a recitation of [Plaintiff's] subjective complaints" which are inconsistent with the record. AR 28. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). However, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200). Here, the ALJ failed to show that Ms. MacFarlane's opinion relied to a large extent on Plaintiff's self-reports. Further, the ALJ provides no analysis to explain why Ms. MacFarlane's opinion is "largely a recitation of [Plaintiff's] subjective complaints." *See* AR 28; SSR 86-8, 1986 SSR LEXIS 15 at *22 (an ALJ may not speculate). Thus, the ALJ's first reason for discounting Ms. MacFarlane's opinion is not germane.

Lastly, the ALJ discounted Ms. MacFarlane's opinion because Plaintiff was able to work in the past and also complete her medical certification. AR 28. First, Plaintiff's work history prior to the alleged onset date is of limited probative value. *See, e.g., Carmickle*, 533 F.3d 1155 at 1165; *Swanson v. Sec'y of Health & Human Servs.*, 763 F.2d 1061, 1065 (9th Cir. 1985) ("[W]e caution that the critical date is the date of *onset* of disability…) (emphasis in original). Second, the Court previously found that merely because Plaintiff was able to complete her medical certification does not mean Plaintiff is not disabled. *See* Section I.A and B, *supra*. The same analysis applies to the ALJ's second reason to discount Ms. Macfarlane's opinion. Thus, the ALJ's second reason for discounting Ms. MacFarlane's opinion is not germane. Accordingly, the ALJ failed to provide

germane reasons to discount Ms. MacFarlane's opinion and is directed to reassess the opinion on remand.

## II. Whether the ALJ properly considered Plaintiff's testimony and the lay witness testimony.

Plaintiff asserts the ALJ improperly considered her testimony regarding her symptoms. Dkt. 13, pp. 3-17. Plaintiff also asserts the ALJ improperly discounted the lay witness testimony. Dkt. 13, pp. 22-23. The Court concludes the ALJ committed harmful error in assessing the opinions of Dr. Williams, Ms. Kennedy, and Ms. MacFarlane and must re-evaluate them on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's testimony and the lay witness testimony, the ALJ must reconsider Plaintiff's testimony and the lay witness testimony on remand.

## II. Whether this case should be remanded for an award of benefits.

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 13, pp. 23-24. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

1  *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

2         The Court has directed the ALJ to reconsider the opinions of Dr. Williams, Ms. Kennedy,

3  and Ms. MacFarlane on remand. *See* Section I, *supra*. The Court has also directed the ALJ to

4  reconsider Plaintiff's testimony and the lay witness testimony on remand. *See* Section II, *supra*.

5  For these reasons, the Court finds there are outstanding issues that must be resolved concerning

6  Plaintiff's functional capabilities and her ability to perform jobs existing in significant numbers in

7  the national economy. Therefore, remand for further administrative proceedings is appropriate.

8                                   <u>CONCLUSION</u>

9         Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

10  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this

11  matter is remanded for further administrative proceedings in accordance with the findings

12  contained herein.

13         Dated this 17th day of August, 2020.

14

15

16  _____
    David W. Christel
17  United States Magistrate Judge

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 14