UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON GLASSER,<br><br>             Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | CASE NO. 2:19-CV-2058-DWC<br><br>ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT |

On August 17, 2020, the Court entered Judgment for Plaintiff, reversing and remanding Defendant's decision to deny Plaintiff's application for disability insurance benefits. *See* Dkt. 16, 17. Presently before the Court is Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Motion").[1] Dkt. 18. Plaintiff argues the Court should alter the judgment and reverse the decision to deny benefits because the Court's decision is based on a clear error of law. Dkt. 18.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

The Court may alter or amend a judgment under Rule 59(e) where the Court has committed clear error. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

In its Order, the Court determined the Administrative Law Judge ("ALJ") erred by improperly discounting several medical opinions. Dkt. 16. The Court declined to analyze whether the ALJ properly considered Plaintiff's testimony or the lay witness testimony because the ALJ's reconsideration of the medical evidence may impact his assessment of this evidence. *Id*. Plaintiff argues the Court committed clear error of law by failing to credit the improperly rejected evidence as true. Dkt. 18.

A court may credit evidence as true if three elements are met. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-1101 (9th Cir. 2014). First, the court must determine if the ALJ has failed to provide legally sufficient reasons for rejecting the evidence, whether it be from the claimant or a medical source. *Id*. Second, if step one is met, the court must then determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. *Id*. Further administrative proceedings are useful when, among other things, there is a need to resolve conflicts and ambiguities contained in the record. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). Third, the court must determine if the record, taken as a whole, leaves not the slightest uncertainty that the claimant would be disabled if the relevant evidence were found credible. *Treichler*, 775 F.3d at 1101. If all three elements are met, then the court may, at its discretion, award benefits. *See id*. at 1101-1102.

Here, both parties agree the ALJ failed to provide legally sufficient reasons for rejecting the evidence. *See* Dkt. 18, p. 3; Dkt. 19, p. 2. At step two, Plaintiff argues the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful. Dkt. 18, pp. 4-8. Defendant asserts further administrative proceedings are appropriate because conflicts exist in the record—namely, that the record contains a medical opinion from Dr. Greg Saue that suggests Plaintiff could perform light work, in direct contrast with Dr. Williams' opinion that Plaintiff is limited to less than sedentary work. *See* Dkt. 19, p. 2, citing AR 123-136; *see also* AR 943-946.

The Court agrees with Defendant. Dr. Saue reviewed Plaintiff's records and determined Plaintiff could perform light work. AR 123-136. Although Plaintiff argues in her Reply on the pending Motion (Dkt. 20) that this opinion does not constitute substantial evidence, Plaintiff did not challenge the ALJ's reliance on Dr. Saue's opinion in her Opening Brief. Dkt. 13. Thus, Plaintiff waived any such argument. *See* AR 27; *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) ("Because this argument was not raised clearly and distinctly in the opening brief, it has been waived"). Further, because the ALJ improperly discounted several medical opinions, the ALJ must re-evaluate the medical opinion evidence and reassess Plaintiff's residual functional capacity ("RFC") to determine if there are jobs existing in significant numbers in the national economy in light of the new RFC. *See* AR 22-23; Dkt. 16, p. 8; s*ee also Prather v. Colvin*, 2016 WL 7368163 at *5 (W.D. Wash., Nov. 30, 2016) ("The determination regarding an RFC depends on a proper evaluation of the medical evidence"). Thus, there are outstanding issues that must be resolved before a determination of disability can be made. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a) (a claimant's RFC is the most a claimant can do despite existing limitations).

"Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101, citing *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). In the present case, because there is conflicting evidence and because the ALJ must reassess the RFC, a remand for an award of benefits is inappropriate.

For the foregoing reasons, the Court denies Plaintiff's Motion to Alter or Amend Judgment.

Dated this 16th day of September, 2020.

David W. Christel
United States Magistrate Judge